# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILADY AQUINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 5291 |
| v. | ) |
| | ) |
| C.R. BARD, INC., ET AL., | ) Judge Thomas M. Durkin |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Milady Aquino has sued defendants C.R. Bard, Inc. ("Bard"), Becton, Dickinson and Co. ("BD"), Boston Scientific Corp. ("BSC"), Cambridge Polymer Group, Inc. ("Cambridge"), DHL Express (USA), Inc. ("DHL Express"), DHL Freight USA Inc. ("DHL Freight"), Standard Forwarding LLC (a/k/a DHL Freight and DHL Global Forwarding) ("Standard Forwarding"), Radix Group International, Inc. (d/b/a DHL Global Forwarding) ("Radix"), Stephen Gould of Illinois, Inc. ("SGI"), and Stephen Gould Corp. ("SGC") in one of thousands of cases of its kind filed across the country seeking relief in connection with the implantation of various pelvic mesh products. The majority of these cases have been consolidated into sets of multi-district litigation ("MDLs"), but on June 21, 2018, the judge presiding over the MDLs entered orders requesting that plaintiffs no longer file claims in the MDLs. This case was filed in Illinois state court five days later, on June 25, 2018. R. 1-1. BSC, Bard, and BD (collectively, the "removing defendants") removed the case on

1

August 2, 2018. R. 1; R. 4. Currently before the Court is Aquino's motion to remand. R. 28. For the reasons that follow, the Court denies Aquino's motion.

**Standard**

Removal of actions from state court to federal court is governed by 28 U.S.C. § 1441, which provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts . . . interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). This means a defendant must support its allegations of jurisdiction with "competent proof, which in our circuit requires the defendant to offer evidence which proves to a reasonably probability that jurisdiction exists." *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997); *accord Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) ("When a defendant removes a case from state to federal court, the defendant must demonstrate to a reasonable probability that subject-matter jurisdiction exists.").

**Analysis**

Aquino moves to remand pursuant to 28 U.S.C. § 1447, claiming that the removing defendants have not met their burden of establishing federal jurisdiction.

The removing defendants claim they have competent proof of both diversity jurisdiction and federal question jurisdiction.

A defendant seeking to invoke diversity jurisdiction has the burden to demonstrate that the amount in controversy and complete diversity requirements are satisfied. *Chase*, 110 F.3d at 427; *see also* 28 U.S.C. § 1332. Aquino does not dispute that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Indeed, Aquino's complaint expressly pleads a greater amount of damages. *See* R. 1-1 at 36-68 (seeking on each count "amount[s] in excess of $100,000").

Aquino instead argues that the removing defendants have failed to establish complete diversity. "[C]omplete diversity" means "that no defendant may be a citizen of the same state as the plaintiff." *Slottke v. Wis. Dep't of Workforce Dev.*, 734 F. App'x 354, 355 (7th Cir. 2018). Aquino alleges in her complaint (and the removing defendants do not dispute) that she is a citizen of Illinois. R. 1-1 at 6. Aquino acknowledges that defendants Bard, BD, BSC, and Cambridge are not citizens of Illinois. *Id.* at 8. But she alleges that the remaining defendants—Standard Forwarding, DHL Freight, DHL Express, Radix, SGC, and SGI (all sued based on their supposed transportation of the pelvic mesh at issue and thus referred to collectively as the "transportation defendants")—are citizens of Illinois. The removing defendants counter that they have supplied competent proof that none of the transportation defendants are Illinois citizens. Based on its consideration of the proof presented with respect to each of the transportation defendants, the Court agrees that the removing defendants have met their burden of proof.

**Standard Forwarding and DHL Freight.** Standard Forwarding is a limited liability company, meaning that its citizenship "is the citizenship of each of its members"; its principal place of business is "irrelevant." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). And the only member of Standard Forwarding is DHL Freight, a corporation. R. 1-1 at 183 (corporate certificate of DHL Freight stating that it "is the only member of Standard Forwarding LLC, a limited liability company"). Thus, Standard Forwarding and DHL Freight's citizenship for diversity jurisdiction purposes is the same.

A "corporation" like DHL Freight is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The removing defendants cite a corporate certificate and affidavit of DHL Freight's secretary as evidence that DHL Freight is incorporated in Ohio with its principal place of business in Florida. *See* R. 1-1 at 183 (corporate certificate of DHL Freight stating that it was organized in Ohio and has its "principal place of business" in Florida); R. 39-1 Ex. 1 ¶¶ 7-8 (affidavit of secretary of DHL Freight stating same).

In support of her argument that DHL Freight is in fact an Illinois citizen, Aquino cites an Illinois Secretary of State report listing a principal office in Illinois for Standard Forwarding LLC d/b/a DHL Freight. R. 28-2 at 124; *see, e.g.*, *Diaz v. Legion Pers., Inc.*, 2010 WL 3732768, at *2 (N.D. Ill. Sept. 15, 2010) (taking judicial notice of corporate record maintained by Illinois Secretary of State). But this is merely proof of Standard Forwarding's principal office. It is not proof of DHL

Freight's principal place of business or state of incorporation, which are the only relevant inquiries for purposes of determining Standard Forwarding's citizenship as an LLC. *See Hukic*, 588 F.3d at 427. And the unrebutted evidence shows that DHL Freight's "principal place of business" is in Florida. R. 1-1 at 183; R. 39-1 Ex. 1 ¶ 8. Thus, both DHL Freight and Standard Forwarding (as an LLC with DHL Freight as its sole member) are citizens of Ohio and Florida.

**DHL Express.** The removing defendants' notice of removal cites a Florida Department of State website showing that like DHL Freight, DHL Express was incorporated in Ohio and has its principal place of business in Florida. R. 1 ¶ 25. Although Aquino asserts otherwise in her complaint, Aquino does not contest in her motion to dismiss or reply that DHL Express is a citizen of Ohio and Florida—not Illinois.

**Radix.** The removing defendants submit an affidavit from Radix's secretary attesting that, like DHL Freight and DHL Express, "Radix is incorporated in the State of Ohio" and "Radix's headquarters and principal place of business" is in Florida. R. 39-1 Ex. 1 ¶¶ 5-6. Aquino points to a United States Customs and Border Protection broker registration listing an address in Illinois as a "point[ ] of contact" for Radix. R. 28-2 at 141-43. But having a point of contact in a state does not make that state the location of the defendant's principal place of business. Rather, the "principal place of business" is typically "a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). And "Radix's headquarters" are in Florida. R.

39-1 Ex. 1 ¶ 6. Aquino does not rebut the removing defendants' competent proof that Radix is a citizen of Ohio and Florida.[1]

**SGC and SGI.** The removing defendants have submitted an affidavit from SGC's tax director explaining that "SGC is incorporated in the State of New Jersey" and SGC's "headquarters and principal place of business" is in New Jersey. R. 39-1 Ex. 2 ¶¶ 10-12; *see also id.* Ex. 4 (2018 foreign profit corporation annual report for SGC listing New Jersey address). Aquino does not provide any evidence to the contrary.

Turning to SGI, the removing defendants maintain that SGI ceased to exist in 2006 and therefore is a nonexistent entity incapable of being sued. In support, they cite SGC's tax director's affidavit, which explains that SGI's "separate existence . . . ceased upon the Effective Date of the Merger" in 2006, and attaches the 2006 merger agreement, articles of merger, and certificate of merger. *Id.* Ex. 2 ¶¶ 5-9 & Appx. A-C. An Illinois Secretary of State Report for SGI likewise reports that it "merged" with SGC in 2006. R. 28-2 at 100; *see, e.g.*, *Diaz*, 2010 WL 3732768, at *2 (taking judicial notice of corporate record maintained by Illinois Secretary of State).

Aquino concedes that SGI merged into SGC in 2006, R. 28 at 7, but nevertheless argues that SGI continues to exist and is a citizen of Illinois. In

---

[1] Aquino also expresses uncertainty about the citizenship of five additional Radix-related entities. But none of these entities is a named party. And "in deciding whether the required diversity is present, the court will confine inquiry to the citizenship of named parties." *F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Eng'g Co.*, 882 F.2d 281, 284 (7th Cir. 1989)

support, Aquino relies on an inapposite and antiquated Illinois Supreme Court case finding that where two railroad corporations consolidated, both corporations still existed and the consolidated corporation had its domicile in each of the original corporations' states. *See Ohio & M.R. Co. v. People*, 14 N.E.2d 874, 880-81 (Ill. 1888). This case long predated the Illinois Business Corporation Act of 1983 ("IBCA"), which provides that after a statutory merger, the merged corporation ceases to exist. 805 ILCS 5/11.50(2) ("The separate existence of all corporations parties to the plan of merger or consolidation, except the surviving or new corporation, shall cease."); *accord USX Corp. v. White*, 817 N.E.2d 896, 908 (Ill. App. Ct. 2004) ("the legislature intended that a single surviving corporation remain after a statutory merger"). The Seventh Circuit has similarly held, when considering the legal import of a statutory merger, that "the proposition that separate corporations lose their separate identity after merger is too evident for much discussion." *Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.*, 523 F.2d 543, 548 (7th Cir. 1975).

Here, SGI and SGC's 2006 merger was a statutory merger pursuant to the IBCA and the New Jersey Business Corporation Act. *See* R. 39-1 Ex. 2 ¶¶ 5-9 & Appx. A-C (2006 merger agreement, articles of merger, and certificate of merger). Pursuant to the express terms of the merger agreement, SGC is the sole "surviving corporation"; "[t]he separate existence of [SGI] . . . cease[d] upon the effective time and date of the Merger." R. 39-1 Ex. 2 Appx. A § 1. Based on both these express merger terms and the ICBA, SGI no longer exists, and only SGC's citizenship counts for purposes of assessing diversity jurisdiction. *See, e.g., Hoefferle*, 523 F.2d

7

at 549 ("the separate existence of Divco thus ceased when it merged with Cascade"; "[n]aming Divco as a defendant consequently had no effect upon diversity jurisdiction"). Nor is it relevant that counsel for SGC inadvertently filed, and then withdrew, an initial appearance on behalf of SGI. R. 21; R. 22; R. 27. As the Seventh Circuit explained in *Hoefferle*, because "[the merged subsidiary] ceased to exist prior to commencement of this suit, the court could never have acquired jurisdiction over it." 523 F.3d at 549. Similarly here, the Court never could have acquired jurisdiction over SGI, a nonexistent entity, no matter what appearance counsel filed.[2]

For these reasons, the Court finds that the removing defendants have met their burden of establishing "a reasonable probability" that no defendant is a citizen of Aquino's home state of Illinois. *See Chase*, 110 F.3d at 427. Because the amount in controversy requirement is undisputedly met and a reasonable probability of complete diversity of citizenship has been established, Court finds an exercise of diversity jurisdiction appropriate.[3] The Court therefore declines to address the

---

[2] Aquino further argues that because SGI has not consented to removal, the unanimity of defendants required for removal has not been satisfied. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"). But because SGI does not exist as a corporate entity, it was not properly joined and served, and its consent to removal is not required. *See, e.g.*, *Shannon v. GfK Custom Research LLC*, 2013 WL 2395009, at *3-4 (E.D. Mo. May 30, 2013) ("GfK Healthcare does not exist, as it was merged into defendant GfK Custom Research, LLC on December 22, 2011. The removing defendants did not need consent from a nonexistent entity to properly remove this action to federal court . . . and the rule of unanimity was not violated."). SGC's consent to removal confirmed that SGI could not consent because it is a "non-entity . . . incapable of being sued." R. 1-1 at 185.

[3] The removing defendants argue in the alternative that the transportation defendants were fraudulently joined. It is well-established that if an in-state defendant is joined "solely for the purpose of defeating federal diversity

removing defendants' alternative argument that this Court has federal question jurisdiction because Aquino's claims, which nominally rest on state law, "arise under" federal law under *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005).

**Conclusion**

For the foregoing reasons, the Court denies Aquino's motion to remand [28].

---

jurisdiction," "the defendant is considered fraudulently joined, and may be disregarded for purposes of determining diversity jurisdiction." *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1021 (N.D. Ill. 2015). To establish fraudulent joinder, the removing defendants bear a "heavy burden" of showing "no chance of success" against the non-diverse defendants. *Id.* The Court agrees with removing defendants that the inclusion of the transportation defendants is unusual and somewhat suspicious. Illinois law makes clear that "a transportation company or an independent warehouse" is peripheral and "outside the manufacturing distributing system contemplated by products liability theories." *E.g.*, *Mech. Rubber & Supply Co. v. Caterpillar Tractor Co.*, 399 N.E.2d 722, 724 (Ill. App. Ct. 1980). The removing defendants are thus correct that Aquino's products liability theories against the transportation defendants appear to be foreclosed. But the removing defendants fail to meet their burden of showing why there is no chance of success on the causes of action against the transportation defendants aside from products liability theories, including Aquino's claim for a violation of the Illinois Counterfeit Trademark Act, 765 ILCS 1040, for the transportation defendants' alleged participation in transporting counterfeit resin through customs. *See* R. 1-1 at 54-55 (Count XV). Moreover, although the removing defendants have presented an affidavit stating that the resin used to manufacture the pelvic mesh device implanted into Aquino was not shipped through the transportation defendants but directly to Belgium, *id.* at 93-94, Aquino claims that there is a question of fact as to whether the resin incorporated into her device came directly to Belgium or through the Port of Chicago via the transportation defendants and then to Belgium, R. 40 at 12-13. Aquino has not had the benefit of discovery, and it is inappropriate to resolve fact disputes at this stage. The Court therefore declines to hold in the alternative that diversity jurisdiction is satisfied because the transportation defendants were fraudulently joined. The Court notes that this holding in no way forecloses the transportation defendants from filing a motion to dismiss any and all claims against them under Federal Rule of Civil Procedure 12(b)(6).

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: November 1, 2018